IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PHILLIP KNICHEL**                                                                      **PETITIONER**

**v.**                                                          **No. 4:25CV26-SA-DAS**

**STATE OF MISSISSIPPI**                                                        **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Phillip Knichel for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Knichel has not responded to the petition, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed *with prejudice* as untimely filed.

**Facts and Procedural Posture[1]**

Phillip Knichel is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Marshall County Correctional Facility (MCCF) in Holly Springs, Mississippi. In his petition, he challenges his 2019 guilty plea for leaving the scene of an accident resulting in death – and his twenty-year sentence as a habitual offender imposed by the Grenada County Circuit Court. Doc. 1.

**Guilty Plea and Sentence**

The Grenada County Circuit Court issued an indictment charging Knichel with leaving the scene of an accident resulting in death as a habitual offender under Miss. Code Ann. § 99-19-83

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

(the more severe habitual statute). Doc. 8-1 at 5–7 (MEC, Cause No. 1:18-cr-00119, Doc. 1). Knichel pled guilty to the crime charged as a habitual offender under Miss. Code Ann. § 99-19-81 (the less severe habitual statute). **Exhibit A**[2]; Doc. 8-1 at 27–29 (MEC, Cause No. 1:18-cr-00119, Doc. 9); *see also* Doc. 8-1 at 58–76 (MEC, Cause No. 1:18-cr-00119, Doc. 15) (transcript of plea hearing).[3] On July 29, 2019, the trial court sentenced Knichel to serve twenty years in MDOC custody as a habitual offender under § 99-19-81 – without the possibility of "probation[], parole, earned release supervision, or any other type of early release program." **Exhibit B**; Doc. 8-1 at 36 (MEC, Cause No. 1:18-cr-00119, Doc. 12); *see also* Doc. 8-1 at 37–57 (MEC, Cause No. 1:18-cr-00119, Doc. 14) (transcript of sentencing hearing).

**State Post-Conviction Proceeding**

Knichel signed a letter and accompanying "Motion to Reconsider" on August 1, 2019, stamped as filed in the Grenada County Circuit Court on August 9, 2019. Doc. 8-2 at 6–9 (MEC, Cause No. 1:19-cv-00209, Docs. 2, 3); *see also* Doc. 8-2 at 10–33 (MEC, Cause No. 1:19-cv-00209, Docs. 4, 5 (exhibits to motion/letter in support)). Knichel filed two amendments to his post-conviction motion in November 2019 and February 2020. Doc. 8-2 at 76–101 (MEC, Cause No. 1:19-cv-00209, Docs. 17, 18). The State responded to Knichel's post-conviction motion and amendments, and Knichel replied. Doc. 8-2 at 119–139 (MEC, Cause No. 1:19-cv-00209, Docs. 26–29); Doc. 8-2 at 140–152 (MEC, Cause No. 1:19-cv-00209, Doc. 30).

On May 16, 2023, the trial court denied Knichel's motion for post-conviction relief, explaining:

    1. During [Knichel's] Plea Colloquy he testified that his attorney, Mr. Marlow,

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.
[3] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

>   had thoroughly discussed the facts of his case with him, the proof that the State would have to prove at trial to establish his guilt, as well as any defenses [Knichel] may have had to the charges against him.
>
> 2. [Knichel] further testified that he was completely and totally satisfied with the advi[c]e and help of his attorney.
>
> 3. All of the statements made at [Knichel]'s Plea Colloquy were made under oath.
>
> 4. [Knichel] failed to present any affidavits or evidence supporting his current claim of ineffective assistance of counsel.

**Exhibit C**; *see also* Doc. 8-2 at 160 (MEC, Cause No. 1:19-cv-00209, Doc. 38).

The docket of the Grenada County Circuit Court in Cause No. 1:19-cv-00209 (Doc. 8-2 at 1-4), as well as a search of the records of the Mississippi Supreme Court as posted on the court's official website, confirm that Knichel did not appeal the trial court's decision denying post-conviction relief.

### Federal *Habeas Corpus* Proceedings

Knichel signed his federal petition for writ of *habeas corpus* on February 2, 2025, and the petition was stamped as "filed" in this court on February 24, 2025. Doc. 1. In his petition, Knichel raises six grounds for relief: (1) ineffective assistance of counsel; (2) unethical acts by the prosecutor; (3) court administrative errors; (4) [in]voluntary plea; (5) tampering [with] evidence; and (6) scrivener's error. Doc. 1.

Knichel does not provide a valid basis to hold his federal petition timely in response to paragraph 18 of the petition (regarding timeliness). Instead, he presents substantive arguments that his plea and sentence were imposed in violation of the Constitution. Doc. 1 at 34–35. He also argues in response to why he failed to exhaust state court remedies that he was never provided information on motions or deadlines. Doc. 1 at 8, 10, 12–13, 15–16.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).[4]

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a petitioner file his federal petition for writ of *habeas corpus* within one year of the date his judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). As quoted above, AEDPA provides for exceptions

---

[4] Knichel has not exhausted his state remedies; he has presented *none* of his claims to the state's highest court, and the deadline for pursuing a direct appeal from the trial court's decision has long expired. *See* Miss. R. App. P. 4. Thus, alternatively, all of Knichel's grounds for relief are procedurally defaulted and precluded from federal *habeas corpus* review. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). However, as his federal petition is clearly untimely under 28 U.S.C. § 2244(d), the court need not discuss this alternative reason to dismiss it.

to this rule in 28 U.S.C. § 2244(d)(1)(B-D).[5] In addition, the one-year limitations period is subject to tolling while a properly filed motion for post-conviction collateral relief is pending in state court. *See, e.g.*, *Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). As discussed below, Knichel did not file his federal petition for writ of *habeas corpus* by the deadline set forth in 28 U.S.C. § 2244(d)(1) and (2).

**Knichel's Judgment Became Final on October 28, 2019**

On July 29, 2019, the Grenda County Circuit Court sentenced Knichel on his guilty plea to leaving the scene of an accident resulting in death. *See* **Exhibit B;** Doc. 8-1 at 36 (MEC, Cause No. 1:18-cr-00119, Doc. 12); *see also* Doc. 8-1 at 37–57 (MEC, Cause No. 1:18-cr-00119, Doc. 14) (transcript of sentencing hearing). Under state law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

Under AEDPA, however, a Mississippi petitioner's guilty plea becomes "final" ninety days after sentencing on his plea—when the time for seeking direct review of the guilty plea in the United States Supreme Court would expire. *See Wallace v. Mississippi*, *et al*., 43 F.4th 482, 497–501 (5th Cir. 2022). Thus, Knichel's conviction became final under AEDPA on October 28, 2019 (July 29, 2019 + 90 days) upon the expiration of time for seeking review in the Supreme Court.[6] *Id.; see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking

---

[5] The exceptions of § 2244(d)(1)(B–D) are inapplicable in the present case. The petitioner has not identified an impediment to filing under § 2244(d)(1)(B); nor has he asserted a newly recognized constitutional right made retroactive on collateral review – or alleged the existence of a factual predicate to impact the limitations period under § 2244(d)(1)(C)–(D).

[6] The ninety-day period within which to seek certiorari review would have expired on Sunday, October 27, 2019, making Knichel's deadline for seeking certiorari review the following business day, Monday October 28, 2019. *See Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998) (applying Rule 6(a) of the Federal Rules of Civil Procedure to the limitations period in 28 U.S.C. § 2244); *see also* Fed. R. Civ. P. 6(a)(1)(C).

such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires").

Knichel had one year from October 28, 2019—until October 28, 2020—to timely file his federal *habeas corpus* petition challenging his 2019 plea and sentence (absent any statutory or equitable tolling). As explained below, though Knichel enjoys statutory tolling during the pendency of his state PCR, equitable tolling does not apply in this case. Ultimately, Knichel's federal petition for writ of *habeas corpus* is untimely and should be dismissed *with prejudice*. *See* 28 U.S.C. § 2244(d).

**Statutory Tolling Under 28 U.S.C. § 2244(d)(2) Applies**

Knichel enjoys statutory tolling of his one-year *habeas corpus* limitations period while his "properly filed" application for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2). As discussed, Knichel signed his letter and accompanying "Motion to Reconsider" on August 1, 2019, and those pleadings were stamped as filed in the Grenada County Circuit Court on August 9, 2019. Doc. 8-2 at 6–9. (MEC, Cause No. 1:19-cv-00209, Docs. 2, 3); *see also* Doc. 8-2 at 10–33 (MEC, Cause No. 1:19-cv-00209, Docs. 4, 5 (exhibits to motion/letter in support). Knichel's state post-conviction proceedings remained pending until the trial court denied post-conviction relief on May 16, 2023. **Exhibit C**; Doc. 8-2 at 160 (MEC, Cause No. 1:19-cv-00209, Doc. 38).

Note, however, that the federal *habeas corpus* limitations period did not begin to run until October 28, 2019 – 90 days after Knichel's conviction became final on July 29, 2019. Yet, Knichel filed his state PCR on August 1, 2019, over two months *before* the federal statute began to run. For this reason, though his state PCR was *filed* and *pending* from August 1, 2019, until May 16, 2023, it does *not* toll the limitations during the period from August 1, 2019, until October 18, 2019 – *because, during that period* – *the AEDPA limitations period had not yet begun to run*. As this

court held in a previous case, "one cannot toll a limitations period before it begins to run." *Hicks v. Epps*, No. 4:11-cv-25-P-V, 2011 WL 3236035, at *2 (N.D. Miss. July 26, 2011). Thus, Knichel enjoys statutory tolling from August 28, 2019 (the date his conviction became final) through May 16, 2023 (the date the state court denied his PCR motion). This moves the federal *habeas corpus* deadline to May 16, 2024 (May 16, 2023 + 1 year).[7]

**Equitable Tolling Does Not Apply**

The petitioner does not enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of AEDPA in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only

---

[7] In December 2023, Knichel filed a letter motion requesting documents and a free copy of his record. Doc. 8-2 at 161–62 (MEC, Cause No. 1:19-cv-209, Doc. 39). The trial court signed an order on January 5, 2024 (filed January 29, 2024), denying Knichel's request, holding that he failed to offer any good cause why he was entitled to "a free copy of the requested records and transcripts." Doc. 8-2 at 164 (MEC, Cause No. 1:19-cv-209, Doc. 41). However, motions for records and transcripts do not challenge "the pertinent judgment," and thus do not warrant any additional statutory tolling. 28 U.S.C. § 2244(d)(2); *see also Thompson v. McClure*, No. 1:22-cv-129-SA-RP, 2023 WL 7391498, at *4 (N.D. Miss. Nov. 8, 2023) (citing *Hutson v. Quarterman*, 508 F.3d 236, 238 (5th Cir. 2007)) (a motion for records, transcripts, and discovery is not a "properly filed" motion under § 2244(d)(2) because it does not seek "review" of the judgment for which petitioner was incarcerated).

"in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), modified on reh'g, 223 F.3d 797 (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Fla.*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher*, 174 F.3d at 713–14; *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

A *pro se* prisoner's limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14 (the miscalculation of a *habeas corpus* limitations period, even by a *pro se* petitioner, is not grounds

for equitable tolling and rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently because "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information"). Nor is proceeding *pro se* on federal *habeas corpus* review a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

### No Extraordinary Circumstances to Support Equitable Tolling

Knichel has not identified any "extraordinary circumstances" to warrant equitable tolling. In response to paragraph 18 of the petition (regarding timeliness), he argues the *merits* of his underlying claims challenging his plea and sentence – not their timeliness. Doc. 1 at 34–35. In response to questions concerning exhaustion, he states that he failed to raise his issues in the petition on appeal because he "asked for directions from the court of Grenada County for assistance in filing procedures and never received any." Doc. 1 at 8, 10, 12–13, 15–16.[8] Knichel also states he has never received "proper legal assistance from the institutions as to the steps of filing motions or timelines." Doc. 1 at 8, 10, 12–13, 15–16.

Neither counsel's performance, the prosecutor's actions at the plea hearing, court administrative or scrivener's errors, nor the voluntariness of his plea constitute "rare and exceptional circumstances" sufficient to support equitable tolling of the limitations period. Knichel alleges that he was not provided information on "filing procedures" or "steps of filing motions;" however, "neither a petitioner's unfamiliarity with the legal process nor his lack of

---

[8] In support of this claim, Knichel refers only to "Exhibit B" – a letter to the circuit clerk in November 2023 (filed on December 8, 2023) seeking a free copy of his records and requesting instructions on how to get a free copy of those records if the clerk could not immediately provide them. Doc. 1 at 38–40. The clerk did not respond to Knichel's letter; instead, the trial court construed it as a motion and denied his request for a free copy of his records and transcripts on January 29, 2024. Doc. 8-2 at 164 (MEC, Cause No. 1:19-cv-209, Doc. 41).

representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of the law and limited access to outside information do not constitute "rare and exceptional" circumstances to excuse untimely filing). As set forth above, neither proceeding *pro se* on federal *habeas corpus* review, nor lack of knowledge of filing deadlines, rise to the level of "rare and exceptional" circumstances to support equitable tolling. *Felder,* 204 F.3d at 170. Knichel's assertion that he "was not provided information" on filing deadlines does not meet the standard to show that he was actively misled or prevented in some extraordinary way from asserting his rights and timely seeking federal *habeas corpus* relief. For these reasons, equitable tolling is not appropriate to render the instant petition timely.

**Knichel Did Not Pursue His Rights Diligently**

Knichel was sentenced on his plea in July 2019, and he sought state post-conviction relief without delay. However, he waited over eighteen months after the trial court denied his motion for post-conviction relief before seeking federal *habeas corpus* relief. As such, he did not act with reasonable diligence in pursuing his rights.

To invoke equitable tolling, Knichel must show "reasonable diligence," requiring a "fact-intensive inquiry" resolved by comparing Knichel's diligence to that shown by other petitioners in similar circumstances. *Holland,* 560 U.S. at 653–54; *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (comparing petitioner's diligence with that of petitioners in similar circumstances). Knichel's delay of over eighteen months was of his own making and precludes equitable tolling in this case. *See Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

**No "Illegal Sentence" Exception to the One- Year *Habeas Corpus* Limitations Period**

Knichel also argues that his sentence "is … illegal because of language in his sentencing

order, finding that he is ineligible for probation, parole or early release because of his habitual offender enhancement." Doc. 1 at 31. He argues that the sentencing judge illegally "tie[d] the hands" of MDOC regarding parole.[9] Doc. 1 at 31.

The petitioner pled guilty and was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (the lesser recidivist statute). The trial court's sentencing order quotes language from the that statute. *See* Miss. Code Ann. § 99-19-81 (providing that the sentence imposed "shall not be reduced or suspended nor shall such person be eligible for parole or probation"). Thus, the trial court did not "tie" MDOC's hands; instead, the court was bound by the controlling habitual offender statute – as set forth in Knichel's plea agreement.

In any event, there is no "illegal sentence" exception to the federal *habeas corpus* limitations period. *See, e.g., Mitchum v. Hall*, No. 3:18CV572-DPJ-RHW, 2019 WL 4148349, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, 2019 WL 4145231 (S.D. Miss. Aug. 30, 2019) ( "the limitation period is not tolled due to [p]etitioner's illegal sentence claim"). For these reasons, Knichel does not enjoy equitable tolling regarding his claim of an "illegal sentence" in the petition, and the expiration of the *habeas corpus* limitations period remains May 16, 2024.

---

[9] To the extent that Knichel has raised a challenge to his ineligibility for parole, (Doc. 1 at 31–32), that challenge is not a cognizable *habeas corpus* claim because it does not implicate a constitutional issue. *See Wansley v. Miss. Dep't of Corr., et al.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted). In any event, Knichel has not exhausted any argument related to parole eligibility, and that claim is, alternatively, subject to dismissal without prejudice for failure to exhaust. *See* 28 U.S.C. § 2254(b) and (c).

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 2, 2025, and the date it was received and stamped as "filed" in the district court on February 24, 2025. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed nearly nine months after the May 16, 2024, filing deadline. As discussed, he does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed *with prejudice* and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE